**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In Re:<br><br>**HANS ERIKSSON**<br><br>      Debtor.<br><br><br>**HANS ERIKSSON,**<br><br>      Plaintiff<br><br>      v.<br><br>**BRIAN BENNETT AND PATSY AUSTIN-GATSON, IN HER OFFICIAL CAPACITY AS DISTRICT ATTORNEY FOR GWINNETT COUNTY, GEORGIA**<br><br>      Defendants. | CASE NO. 21-52899- PWB<br><br>CHAPTER 7<br><br><br><br><br>ADVERSARY PROCEEDING |

**COMPLAINT FOR DAMAGES FOR VIOLATION OF**
**THE AUTOMATIC STAY AND DISCHARGE INJUNCTION AND FOR INJUNCTIVE RELIEF AND SANCTIONS**

    Hans Eriksson ("**Plaintiff**" or "**Debtor**"), by and through the undersigned counsel, files this Complaint for Damages for Violation of the Automatic Stay and Discharge Injunction, and for Injunctive Relief and Sanctions, pursuant to sections 105(a), 362(a), 362(k), and 524(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Federal Rule of Bankruptcy Procedure 9020 against Brian Bennett ("**Mr. Bennett**") and Patsy Austin-Gatson, in her official capacity as the District Attorney for Gwinnett County, Georgia (the "**District Attorney**"). In support thereof, Plaintiff respectfully alleges as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Northern District of Georgia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a), 362(a), 362(k), and 524(a) of the Bankruptcy Code and Bankruptcy Rule 9020.

**FACTUAL BACKGROUND**

4. On April 9, 2021 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. The Debtor received his discharge on July 21, 2021, but the Chapter 7 case remains pending.[1]

5. Hans Eriksson is a resident of Rockdale County, Georgia.

6. Brian Bennett is a former customer of the Debtor's wife's business.

7. Patsy Austin-Gatson is the District Attorney for Gwinnett County, Georgia.

8. After the Debtor filed his petition under Chapter 7, Mr. Bennett provided sworn allegations of Theft by Deception to the Gwinnett County District Attorney, in an attempt to collect a pre-petition debt. Upon information and belief, Mr. Bennett had actual knowledge of the pendency of the instant case and the automatic stay.

9. Mr. Bennett was later informed again of the Plaintiff's bankruptcy filing via phone call with Plaintiff's counsel, but he refused to withdraw his criminal complaint.

10. As a result of Mr. Bennett's allegations, the Gwinnett County District Attorney

---

[1] The Plaintiff amended his bankruptcy schedules on August 1, 2022, to reflect the debt owed to Mr. Bennett.

indicted Debtor for Theft by Deception (the "**Gwinnett County Criminal Proceeding**"), with an arraignment date set for August 4, 2022.

### COUNT I: VIOLATION OF THE DISCHARGE INJUNCTION

11. While "[t]he filing of a bankruptcy action should have no impact on whether a prosecuting entity elects to commence or continue a criminal action … [a] bankruptcy filing does, however, preclude a creditor from seeking to pursue criminal charges against a debtor for the primary purpose of attempting to recover a debt." *In re Kimbler*, 618 B.R. 437, 442 (Bankr. E.D.N.C. 2020).

12. Actions taken in violation of the discharge injunction are void.

13. A bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2).

14. Pursuing criminal charges against a Debtor in order to collect a debt is a violation of the discharge injunction, in addition to a violation of the automatic stay. *In re Kimbler*, 618 B.R. at 443-444.

15. When a creditor, by egregious conduct, malevolent intent, or clear disregard for bankruptcy laws, violates the discharge injunction, punitive damages are both appropriate and often necessary. *In re Adams*, 2010 WL 2721205, at *6 (Bankr. E.D.N.C. July 7, 2010).

16. Mr. Bennett was made aware of the Plaintiff's bankruptcy filing in a phone call with Plaintiff's counsel, and nevertheless continued to seek criminal charges against the Plaintiff in order to collect on a pre-petition debt, in clear disregard of the effect of the discharge injunction.

17. As such, Mr. Bennett's actions violate §524(a).

18. As a result of Mr. Bennett's violations, Debtor continues to suffer additional damages. More specifically, Debtor. incurred the legal costs of fruitless communications with Mr. Bennett's counsel, costs associated with bringing this Motion, as well as reputational injury from having an indictment brought against him.

19. As such, Plaintiff is entitled to actual damages as a result of Mr. Bennett's actions, in addition to punitive damages for Mr. Bennett's disregard of the Bankruptcy Code.

### COUNT II: VIOLATION OF THE AUTOMATIC STAY

20. Plaintiff realleges and reincorporates paragraphs 1-21 as if fully restated herein.

21. While the automatic stay is no longer in effect due to Plaintiff's discharge, the stay was in effect at the time Defendant Bennett swore his allegations to the District Attorney. Upon information and belief, Defendant Bennett had actual knowledge of the automatic stay prior to swearing said allegations.

22. The automatic stay is "one of the fundamental debtor protections provided under the Bankruptcy Code for the purpose of promoting equal creditor treatment and giving the debtor a breathing spell." *In re Nortel Networks, Inc*., 669 F.3d 128, 137 (3d Cir. 2011). "Any action taken in violation of a stay is invalid and voidable, absent limited equitable circumstances." *Walker v. RDR Real Estate*, 640 Fed.Appx. 411, 414 (6th Cir. 2016) (citing *Easley v. Pettibone Michigan Corp*., 990 F.2d 905, 909-10 (6th Cir. 1993)).

23. Under §362(a)(1), the "commencement or continuation … of a judicial … proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title" is prohibited.

24. "A bankruptcy filing … preclude[s] a creditor from seeking to pursue criminal charges against a debtor for the primary purpose of attempting to recover a debt." *In re Kimbler*, 618 B.R. 437, 442 (Bankr. E.D.N.C. 2020).

25. As alleged above, Mr. Bennett was made aware of the Plaintiff's bankruptcy filing in a phone call with Plaintiff's counsel, and nevertheless continued to cooperate with the District Attorney to seek criminal charges based upon the Plaintiff's failure to pay a pre-petition debt.

26. Actions taken in violation of the automatic stay are void.

27. Willful actions taken in violation of the automatic stay are grounds for sanctions. *Id*.

28. "To constitute a willful act, the creditor need not act with specific intent but must only commit an intentional act with knowledge of the automatic stay." *Citizens Bank of Md. v. Strumpf (In re Strumpf)*, 37 F.3d 155, 159 (4th Cir. 1994).

29. Under §362(k), "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

30. In this case, in order to collect on a pre-petition debt, Mr. Bennett threatened not only the Plaintiff's financial well-being, but also his liberty by seeking criminal charges.

31. Even when the debt owed is legitimate, the threatened "deprivation of the Debtor's liberty harkens back to the days of the debtors' prisons in Victorian England," and is the antithesis of this country's laws allowing debtors to obtain fresh starts. *In re Kimbler*, 618 B.R. 437, 444 (Bankr. E.D.N.C. 2020).

32. As a result of Mr. Bennett's unlawful actions, Plaintiff is entitled to actual and punitive damages for Defendant Bennett's violation of the automatic stay

### COUNT III: INJUNCTIVE RELIEF AGAINST DEFENDANT BENNETT

33. Plaintiff realleges and re-incorporates paragraphs 1-35 as if fully restated herein

34. Mr. Bennett swore out a criminal warrant post-petition in violation of the automatic stay.

35. Mr. Bennett, despite communications with Plaintiff's counsel and being presented with clear evidence that the initiation and continuation of a criminal action to collect a pre-petition debt is a violation of the automatic stay and discharge injunction, has refused to cease and desist.

36. Mr. Bennett's continued cooperation with the District Attorney, and his refusal to withdraw his criminal complaint submitted and maintained in violation of the automatic stay and discharge injunction, threaten the Plaintiff with irreparable harm. Based upon Mr. Bennett's allegations, an arraignment has been scheduled for August 4, 2022, and will go forward in the absence of relief from this Court.

37. Consequently, as Mr. Bennett's unlawful actions threaten the Plaintiff with irreparable harm, Plaintiff is entitled to an injunction prohibiting Mr. Bennett from further cooperating with the District Attorney, and ordering Mr. Bennett to withdraw his complaint.

### COUNT IV: INJUNCTIVE RELIEF AGAINST DEFENDANT AUSTIN-GATSON

38. Plaintiff realleges and reincorporates paragraphs 1-40 as if fully restated herein.

39. All prosecutions in Georgia require probable cause.

40. "The return of an indictment by the grand jury investigating the alleged offense is . . . prima facie, but not conclusive, evidence of the existence of . . . probable cause." *Darnell v. Shirley*, 31 Ga. App. 764, 765 (7a) (1924).

41. Here, the indictment is founded upon the testimony of Mr. Bennett, which as explained above, must be withdrawn as a violation of the automatic stay and the discharge injunction.

42. Without the allegations of Mr. Bennett, the District Attorney thus lacks probable cause to continue the criminal proceedings against the Debtor.

43. In Georgia, Courts have "the authority to quash an indictment for defects appearing on its face." *Anderson v. State*, 249 Ga. 132, 134-5 (1982).

44. Here, facially, the indictment would rely on withdrawn testimony, and thus, the indictment can be quashed.

45. Thus, the Plaintiff is entitled to an injunction quashing the indictment and preventing his arraignment from occurring.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that the Court grant the following relief against the Defendants as to Counts I-IV of this Complaint, and that the Court enter judgment against the Defendants as follows:

A. Assessing actual and punitive damages against Defendant Bennett for his willful disregard of the discharge injunction in an amount to be proven at trial;

B. Assessing actual and punitive damages against Defendant Bennet for his willful violation of the automatic stay in an amount to be prove;

C. Enjoining Defendant Bennett from further cooperation with the District Attorney, and ordering the withdrawal of his criminal complaint; and

D. Enjoining Defendant Austin-Gatson's further prosecution of the Plaintiff.

Respectfully submitted this 1st day of August, 2022.

                                                    **ROUNTREE LEITMAN KLEIN & GEER, LLC**

                                                    /s *William A. Rountree*

                                                    William A. Rountree, Ga. Bar No. 616503

                                                    Century Plaza I

                                                    2987 Clairmont Road, Suite 350

                                                    Atlanta, GA 30329

                                                    (404) 584-1238 Telephone

                                                    (404) 581-5038 Facsimile

                                                    wrountree@rlklawfirm.com